UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALL BUILDING AND PROPERTY SERVICES, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. POOLE, TRUSTEE DOROTHY D. POOLE TRUST; DOROTHY D. POOLE TRUSTEE DOROTHY D. POOLE TRUST; DOROTHY D. POOLE TRUST; VISTA POINTE HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation; LEACH KERN GRUCHOW ANDERSON SONG, LTD., a Nevada Limited Liability Company; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00400-LRH-CSD<br><br>ORDER |

Before the Court is Defendant Secretary of Housing and Urban Development's ("HUD") Motion to Dismiss (ECF No. 6) Plaintiff All Building and Property Services, Inc.'s ("All Building") Complaint (ECF No. 1-1). All Building opposed the motion (ECF No. 34), and HUD replied to the opposition (ECF No. 41). For the reasons articulated below, the Court grants the motion.

**I.    BACKGROUND**

This matter arises from a non-judicial foreclosure sale conducted under Nev. Rev. Stat. § 116.3116 *et. seq*, at which All Building purchased real property located at 3734 Ranch Crest Drive, Reno, Nevada (the "Property'") on June 11, 2021. ECF No. 1-1 at 5. The sale included a 60-day right of redemption for the prior owner or any holder of a recorded security interest

1

subordinate to the lien on which the Property was sold pursuant to Nev. Rev. Stat. § 116.31166(3). ECF No. 34 at 1.

All Building requested its Trustees Deed from the foreclosure trustee after the 60-day right of redemption period expired and, that same day, an agent of HUD was contacted about redeeming the Property. *See id.*; *see also* ECF No. 1-1 at 6–7. Subsequently, All Building filed its Complaint to quiet title and for declaratory relief in the Second Judicial District Court for Washoe County, Nevada. *See* ECF No. 1-1. HUD removed the matter to federal court under 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. Eventually, All Building received the Trustee Deed to the Property. ECF No. 34 at 1. HUD is the only defendant remaining in the matter as All Building filed a Suggestion of Death as to the Dorothy D. Poole Trust Trustees (ECF No. 10); dismissed without prejudice, Leach Kern Gruchow Anderson Song, Ltd., and Vista Pointe Homeowners Association (ECF No. 5); and dismissed with prejudice, the Dorothy D. Poole Trust (ECF Nos. 29, 30).[1] HUD's Motion to Dismiss is based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 6. The motion is addressed below.

## II.   LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) jurisdictional attacks can either be facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a Fed. R. Civ. P. 12(b)(1) facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Facial jurisdictional attacks require the court to "consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff." *Bob Moore, LLC v. United States*, Case No. 2-15-CV-660-GMN-PAL, 2016 WL 1171001, at *2 (D. Nev. Mar. 23, 2016). The burden of establishing subject-matter jurisdiction rests with the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins.*

---

[1] A Suggestion of Death was filed by All Building as to Robert E. Poole and Dorothy D. Poole, Trustees of the Dorothy D. Poole Trust, on October 24, 2021. ECF No. 10. Anderson Song, foreclosure trustee, and Vista Pointe, homeowner association, were dismissed from the action after All Building received its Trustee Deed. ECF No. 34 at 1. Lastly, the Dorothy D. Poole Trust, the prior owner of the Property, was dismissed from the action by All Building after its authorized successor representative released all claims to the Property. ECF No. 34 at 2.

*Co. of Am.*, 511 U.S. 375, 377 (1994); *see also United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A plaintiff may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must satisfy the notice pleading standard of Fed. R. Civ. P. 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102–03 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See id*. at 1102 (quoting Fed. R. Civ. P. 8(a)(2)). The pleading standard announced by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Id.* The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Furthermore, to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678–79 (quotation omitted). "In sum, for a [claim] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

### III. DISCUSSION

In its motion, HUD argues that All Building fails to demonstrate a jurisdictional basis for its alleged claims. ECF No. 6 at 3. In opposition, All Building argues that because HUD chose this forum through removal, any argument that the forum lacks jurisdiction is meritless. ECF No. 34

at 2. Further, All Building argues that 28 U.S.C. § 1442(a)(1) was "Congress' intentional act to authorize subject matter jurisdiction in federal court of entirely state law matters, simply because an agency of the United States is a defendant." *Id*. In reply, HUD argues that removal statutes do not confer subject-matter jurisdiction upon federal courts. ECF No. 41 at 3.

As part of its jurisdictional argument, HUD also alleges that (1) sovereign immunity applies in the current matter, and (2) All Building has failed to cite any federal statute or provision establishing HUD's waiver of sovereign immunity. ECF No. 6 at 3. In opposition, All Building alleges that Nev. Rev. Stat. § 40.010 *et seq*. and Nev. Rev. Stat. § 30.010 *et seq*., are equivalent to various federal provisions that waive sovereign immunity. ECF No. 34 at 2. In the alternative, All Building argues that HUD waived its sovereign immunity claim by removing the matter to federal court. *Id*.

While 28 U.S.C. § 1442(a)(1) "allows the federal government to remove a case to federal district court[,] it does not determine whether the court has jurisdiction to hear it." *State Eng'r of State of Nevada v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F.3d 804, 809 (9th Cir. 2003) (citing *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir.1998) ("defendant's power to remove a case to federal court is independent of the federal court's power to hear it" and after "a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims.")). Moreover, 28 U.S.C. § 1442 is "not keyed to the original jurisdiction of the federal district court" and "allows the removal of proceedings from state to federal court even if the action could not have been commenced in the federal forum." *S. Fork Band of Te-Moak Tribe,* 339 F.3d at 809 (quotation omitted). Here, All Building's argument that 28 U.S.C. § 1442(a)(1) provides the Court's subject-matter jurisdiction as well as HUD's removal power is not persuasive and does not square with caselaw in the Ninth Circuit. The two are separate inquiries and operate independently. Accordingly, the Court must examine whether it has subject-matter jurisdiction over this Case.

Federal courts are not courts of general jurisdiction; they are courts of limited jurisdiction. *See Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986); *see also Kokkonen*, 511 U.S. at 377. As such, federal courts cannot consider matters over which they lack subject-matter

4

jurisdiction. *Stapleton v. City of Victorville*, Case No. 17-CV-2469-PSG-PLAX, 2018 WL 6262830, at *2 (C.D. Cal. June 7, 2018). For federal courts, subject-matter jurisdiction exists only in specific types of actions, and for those actions "the United States has consented to be sued." *See Romero v. United States Postal Serv.*, Case No. CV-206685-PSG-MRWX, 2020 WL 8028105, at *2 (C.D. Cal. Nov. 23, 2020); *see also* 28 U.S.C. § 1346. Where the United States consents to be sued, it waives sovereign immunity. *Id*. Sovereign immunity is a jurisdictional issue and, therefore, unless the United States consents to be sued, the court lacks subject-matter jurisdiction. *See id*.; *see also McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008); *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014).

All Building's Complaint does not establish subject-matter jurisdiction and it provides no federal statute or provision establishing HUD's consent to be sued and waiver of sovereign immunity. *See United Air Lines v. Div. of Indus. Safety*, 633 F.2d 814, 815 (9th Cir. 1980) ("federal jurisdiction must affirmatively appear in the complaint."). As to jurisdiction, All Building's Complaint alleges that this action "relates to the ownership and title of certain real property located in Washoe County, Nevada, commonly known as 3734 Ranch Crest Dr., Reno, NV 89509 [. . .] Accordingly, jurisdiction and venue are appropriate in Washoe County, Nevada." ECF 1-1 at 4. With nothing more, this is insufficient to establish federal subject-matter jurisdiction.

In its opposition to Hud's motion, All Building argues that Nev. Rev. Stat. § 40.010 *et seq*., and Nev. Rev. Stat. § 30.010 *et seq*., are equivalent to the various federal provisions that waive sovereign immunity. ECF No. 34 at 2. "A party bringing an action against the United States bears the burden of demonstrating an unequivocal waiver of immunity." *Western Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1047 (D. Nev. 2005). Waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, the Nevada statutory provisions that All Building claims to be equivalent to federal waivers of sovereign immunity are not unequivocal and express. For example, Nev. Rev. Stat. § 40.010 states that an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." The state statutory provision does not make it unequivocally clear that the United

States consents to be sued and waives its sovereign immunity as to real property disputes. The Court finds that All Building has failed to carry its burden of demonstrating an unequivocal waiver of sovereign immunity expressed in statutory text.

For these reasons, the Court finds that it lacks subject-matter jurisdiction over the present matter. As such, HUD's motion to dismiss is granted in its entirety. Furthermore, because the Court resolves HUD's motion on Rule 12(b)(1) subject-matter jurisdiction grounds, it need not address HUD's Rule 12(b)(6) dismissal argument.[2]

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that HUD's Motion to Dismiss (ECF No. 6) is **GRANTED** in its entirety.

IT IS FURTHER ORDERED that the Clerk of the Court enter final judgment accordingly, dismiss the action with prejudice, and close the case.

IT IS SO ORDERED.

DATED this 7th day of March, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Here, Fed. R. Civ. P. 12(b)(6) also provides adequate basis for dismissal because All Building has failed to state a legally cognizable claim. *See Collegium Fund, LLC v. Wells Fargo Bank*, N.A., Case No. 2-13-CV-01550-GMN-VC 2014 WL 4635607, at *3 (D. Nev. Sept. 15, 2014) (finding that plaintiff's non-judicial foreclosure sale property interest did not extinguish HUD's security interest in the same property because HUD's interest was protected under the Property and Supremacy clauses of the United States Constitution; the court dismissed plaintiff's complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *see also Sec'y of Hous. & Urb. Dev. v. Sky Meadow Asso.*, 117 F. Supp. 2d 970, 977–78 (C.D. Cal. 2000) (holding that a homeowners association's non-judicial foreclosure sale of property was improper because the United States' property interest was protected by the Supremacy and Property clauses of the Constitution); *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979) (finding that the City could not extinguish a federal property interest through a foreclosure sale in the absence of Congressional intent to the contrary because the federal interest was protected under the Constitution's Supremacy clause). Here, HUD's federal security interest in the Property is protected by the Property and Supremacy clauses of the Constitution. Therefore, HUD's federal interest was not extinguished through the non-judicial foreclosure sale at which All Building purchased its interest. Accordingly, All Building has failed to state a legally cognizable claim. For this reason, the Court does not grant All Building leave to amend its complaint to comply with this Order.